## MASSEY et al. *vs*. COLE.

[ACTION AGAINST OWNERS OF STEAMBOAT TO RECOVER PENALTY FOR TRANSPORTATION OF SLAVE WITHOUT MASTER'S PERMISSION.]

1. *Liability of steamboat for unauthorized transportation of slave.*—The principles asserted in the case of Mangham v. Cox & Waring, *ante*, p. 81, construing sections 1010–11 of the Code, re-affirmed.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought against the appellants, as the owners of the steamboat 'S. S. Prentiss,' to recover the penalty of fifty dollars for their transportation of plaintiff's slave on board of said boat, without his written permission ; and was commenced before a justice of the peace, but removed by appeal into the circuit court, where the following bill of exceptions was taken to the rulings of the court :—

" On the trial of this cause, the defendants admitted that they were the owners of the steamboat ' S. S. Prentiss,' which was running on the Alabama river between Mobile and Wetumpka, as a passenger and freight boat ; and that they had transported a slave, the property of plaintiff, on said boat, without the verbal or written permission of plaintiff. A witness for plaintiff testified, that the slave, when arrested,

had been run away about six weeks, and he was employed by plaintiff to hunt him up and arrest him ; that he found the slave near said steamboat, on the wharf in Mobile ; that he heard Massey, one of the defendants and owners of said boat, after said slave was arrested, admit that the slave had been on board of said boat for about sixteen days, and had been used as second cook,—that the slave was first discovered above Claiborne, on the upward trip, and was then placed in charge of the steward of the boat, without being confined in any manner. The evidence of this witness further tended to show, that when said boat reached Mobile, no steps were taken by the master, owners, officers or agents of said boat, to restore the slave to plaintiff, but he was permitted to leave the boat and go about at large ; the witness arrested him on the morning after the boat arrived at Mobile, and was paid the reward offered by plaintiff. The defendants offered evidence, tending to prove that said slave, who was a small boy about twelve or fifteen years of age, got on board of the boat at the wharf in Mobile, without the knowledge or consent of any one in charge of her ; that he was first discovered, soon the next morning, above Claiborne, and was then put in charge of the steward of the boat, with instructions to bring him back to Mobile on the return trip, and to deliver him up to his owner ; that the boat was unavoidably detained up the river for about sixteen days, being aground ; that the boy was then brought back to Mobile on said boat, and plaintiff got possession of him without expense charged by the defendants; that the boy was of no service to the boat, and was not employed, but was an expense ; that all who were in charge of the boat were instructed to use every diligence to prevent negroes from getting on board of the boat, to be carried, without the consent of their owners ; and that they are, and always have been, thus diligent. The defendants offered evidence, also, tending to show that said boy was in the habit of running away and making trips on other boats, as he had done on the defendants' boat ; which evidence, on the plaintiff's objection, was excluded by the court, and the defendants excepted."

"The court charged the jury, among other things, that although said slave may have got on board of the boat, and

have been taken away on board of her, without the knowledge or consent of those in charge of her; yet, if those in charge of the boat, after the slave was discovered to be on board, employed him in the service of the boat, and continued to transport him so employed, and neglected to use the necessary care and means to secure him as a runaway, and to have him restored to his owner, the transportation of him under such circumstances, after the discovery of him on board, would render the owners liable for the penalty sued for."

The defendants requested the following charges to the jury:

"1. That if they believed the defendants used every diligence to prevent plaintiff's slave from getting on board of their boat, without the knowledge or consent of his owner, then they are not liable for the penalty sued for.

"2. That if the defendants, or those in charge of the boat, as soon as they discovered the negro on board, took charge of him, and brought him back on the return of the boat; and the owner regained the possession of his negro, without expense caused by the defendants, then the defendants are not liable to the penalty sued for.

"3. That the defendants were not bound to have put the negro in jail, at the nearest jail they came to after he was discovered on board of the boat; but, if they took such care of him, and brought him back to Mobile, so that the owner got possession of him, without expense caused by the defendants, they are not liable for the penalty sued for."

The court refused these charges, and the defendants excepted to each refusal, as well as to the charge given; and they now assign these matters as error.

E. S. DARGAN, for the appellants.

J. Y. BLOCKER, contra.

RICE, C. J.—According to the construction given to sections 1010 and 1011 of the Code, in Mangham v. Cox & Waring, at this term, it is clear that there is no error in the rulings of the court below; and upon the authority of that case, the judgment of the court below in this case is affirmed.